UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-99-HAB-SLC |
| ASHLEY N. WARD, et al., | |
| Defendants. | |

OPINION AND ORDER

Donte Curry, a prisoner proceeding without a lawyer, was ordered to show cause why he did not pay the initial partial filing fee assessed in March 2021. (ECF 11.) The docket reflects that the initial partial filing fee has since been paid. (ECF 12.) Therefore, the order to show cause is discharged, and the court will proceed to screen the complaint. (ECF 2.)

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

1

Mr. Curry alleges that on September 7, 2018, he was living in a halfway house in Fort Wayne, Indiana. He claims two officers from the Fort Wayne Police Department were dispatched to the house to investigate a report of domestic violence made by Ashley Ward, Mr. Curry's ex-girlfriend and the mother of his children. Ms. Ward allegedly reported to police that Mr. Curry had dragged her down a flight of stairs and that he had a firearm. Mr. Curry claims the police entered the halfway house and searched his room without a warrant, probable cause, or exigent circumstances. He further claims he was then arrested without probable cause for domestic battery and held in jail until November 15, 2018, when the charge was dismissed after Ms. Ward disavowed her earlier statement to police. Based on these events, he sues Ms. Ward, the officers, two employees of the halfway house, the Chief of the Fort Wayne Police Department, and the City of Fort Wayne, asserting Fourth Amendment violations and related state law claims.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest, excessive force, unlawful search, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384 (2007); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). A claim for wrongful detention accrues when the

detention ends, or when the proceeding otherwise terminates in the plaintiff's favor. *Savory*, 947 F.3d at 415-16; *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

Here, the events underlying Mr. Curry's claims occurred between September 2018, when he was arrested, and November 2018, when he was released and the charge against him dismissed. It is apparent that Mr. Curry was aware of his injuries, and their cause, immediately as they occurred. His complaint was signed and tendered for filing on March 8, 2021, more than two years later. (ECF 2 at 9.) Therefore, the complaint is untimely. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

Aside from its untimeliness, there are additional problems with Mr. Curry's claims. Ms. Ward is not a state actor who can be sued for constitutional violations. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). Mr. Curry appears to be suing the Chief of Police and the City of Fort Wayne under a *respondeat superior* theory, but this is not permissible basis for imposing liability under 42 U.S.C. § 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). There is also no indication he complied with the notice requirement of the Indiana Tort Claims Act with respect to his state law claims. IND. CODE § 34–13–3–6. Even if he did, that Act shields government employees from liability so long as the claim arises from acts performed within the scope of their employment. IND. CODE § 34–13–3–3; *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645

(7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). He is clearly suing the officers for actions taken in the course of their official duties, which the Act does not permit. Therefore, his complaint does not contain a claim upon which relief can be granted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Curry an opportunity to amend his complaint if, after reviewing this order, he believes he can state a viable and timely claim for relief, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) DISCHARGES the show cause order;

(2) GRANTS the plaintiff until **August 27, 2021**, to file an amended complaint if he so chooses; and

(3) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 28, 2021.

                                                        s/Holly A. Brady
                                                        JUDGE HOLLY A. BRADY
                                                        UNITED STATES DISTRICT COURT