UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE CURRY, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY N. WARD, et al., <br><br> Defendants. | CAUSE NO. 1:21-CV-99-HAB-SLC |

OPINION AND ORDER

Donte Curry, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 18.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. Curry's original complaint and determined that it did not state a claim upon which relief could be granted, because it was apparent from the face of the complaint that his claims were untimely. (ECF 13.) The court afforded him an

1

opportunity to replead his claims, and after being granted an extension of time, he responded by filing the present complaint.

The amended complaint is nearly identical to the original. As with his original complaint, he alleges that on September 7, 2018, he was living in a halfway house in Fort Wayne, Indiana. He claims that officers from the Fort Wayne Police Department were dispatched to the house to investigate a report of domestic violence made by his ex-girlfriend, Ashley Ward. Ms. Ward allegedly reported to police that Mr. Curry had dragged her down a flight of stairs and that he had a firearm. Mr. Curry claims the police entered the halfway house and searched his room without a warrant, even though he told them to leave. He further claims he was then arrested without probable cause for domestic battery and held in jail until November 15, 2018, when the charge was dismissed. Based on these events, he sues the police officers involved, employees of the halfway house, the Chief of the Fort Wayne Police Department, and the City of Fort Wayne, for violating his constitutional rights in connection with the search of his room, his arrest, and his alleged unlawful detention.[1]

As was explained in the original screening order, suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues and the limitations period starts running is the date when a

---

[1] His original complaint contained related state law claims, but he has omitted those claims from his amended complaint.

plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Claims for false arrest, excessive force, unlawful search, and similar Fourth Amendment violations accrue at the time of the violation. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). A claim for wrongful detention accrues when the detention ends, or when the proceeding otherwise terminates in the plaintiff's favor. *Savory*, 947 F.3d at 415-16; *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

The events underlying Mr. Curry's claims occurred between September 2018, when he was arrested, and November 2018, when he was released from custody and the charge against him dismissed. It is apparent that Mr. Curry was aware of his injuries and their cause immediately as they occurred. His original complaint was filed on March 8, 2021, more than two years later.[2] Nothing in the amended complaint alters the court's analysis that his claims are untimely. Because it is clear from the face of the amended complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Mr. Curry has already been afforded an opportunity to amend his complaint, and the court finds no basis to conclude that if given another opportunity, he could assert a timely claim consistent with the allegations he has already made. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

---

[2] That is the date Mr. Curry signed the original complaint. (ECF 2 at 9.) It was electronically filed by prison staff the following day, but the complaint was deemed "filed" as soon as he tendered it to prison staff for filing. *See Houston v. Lack*, 487 U.S. 266 (1988).

3

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close the case.

SO ORDERED on September 30, 2021.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT